UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO.  14-CV-11300-KPN

_____

CAROLYN DIVIACCHI
    individually and as a representative of
    other persons similarly situated

    PLAINTIFF

v.

**COMPLAINT / JURY DEMAND**

HESS CORPORATION
    d/b/a  HESS RETAIL OPERATIONS LLC successor-in-interest by transfer
    d/b/a  HESS RETAIL STORES LLC  successor-in-interest by transfer
    d/b/a  HESS REALTY LLC successor-in-interest by transfer
    d/b/a  HESS RETAIL HOLDINGS LLC successor-in-interest by transfer

SPEEDWAY LLC, successor-in-interest by transfer/acquisition
    d/b/a  HESS RETAIL STORES LLC

    DEFENDANTS
_____

## I.  PARTIES

1.    Plaintiff Diviacchi resides in Boston, Suffolk County, MA.

2.    Defendant Hess Corporation is organized under the law of Delaware with a principal place of business at 1185 Avenue of the Americas, New York, New York 10036.  This Defendant does business in Massachusetts under the following names. Defendant Hess Retail Operations LLC is organized under the law of Delaware with a principal place of business at One Hess Place, Woodbridge, New Jersey 07095. Defendant Hess Retail Stores LLC is organized under law of Delaware with a principal place of business at 500 Speedway Drive, Enon, Ohio 45323. Hess Realty LLC organized under the laws of Delaware with a principal place of business at One Hess Plaza, Woodbridge, New Jersey 07095.  Defendant Hess Retail Holdings LLC is a foreign LLC in Massachusetts, its place of organization and principal place of

1

business is presently unknown but neither is in Massachusetts.

3.  Speedway LLC is organized under the law of Delaware with a principal place of business at 500 Speedway Drive, Enon, Ohio 45323.  Upon information and belief, this Defendant has offices in Massachusetts but also does business in Massachusetts under the following name: Hess Retail Stores LLC .

4.  On September 30, 2014, pursuant to a Purchase Agreement by and between Defendant Hess Corporation and Defendant Speedway LLC dated as of May 21, 2014 ("Purchase Agreement"), Hess Corporation transferred certain assets and liabilities into Hess Retail Operations LLC, Hess Retail Stores LLC, and Hess Realty LLC, including but not limited to the liabilities at issue here and the alleged incident that occurred here.  Hess Retail Operations LLC, Hess Retail Stores LLC, and Hess Realty LLC were all wholly owned subsidiaries of Hess Retail Holdings LLC.  On September 30, 2014, Speedway LLC acquired all of the membership interests of Hess Retail Holdings LLC, including the liabilities at issue here.

5.  Therefore, all entities are liable for the claims at issue here either as trade names, doing-business-as entities, or as successors-in-interest in liability either by succession or transfer for each other at all material times at issue. All Defendants are referenced herein after as "Hess."

## II. JURISDICTION AND VENUE

6.  This Action asserts claims for violations of *Massachusetts General Law Chapter 93, §105(a)* and the <u>Consumer Protection Act</u>, *Massachusetts General Law Chapter 93A, §§2, 9*, made on behalf of Plaintiff and all other persons similarly situated. The Court has original jurisdiction over this class action pursuant to 28 U.S.C. §§1331 & 1332( c). This Court also has

jurisdiction over this class action under 28 U.S.C. §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), provides federal courts original jurisdiction over any class action in which any member of a class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5 million, exclusive of interest and costs. Plaintiff is a citizen of Massachusetts.  No Defendant is incorporated in Massachusetts nor has a principal place of business in Massachusetts. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

7.	Venue is proper in the District of Massachusetts under 28 U.S.C. §1391(b) as this is the judicial district in which the cause of action arose because substantially all, if not all, of the events and omissions giving rise to this claim occurred here.

### III. STATEMENT OF FACTS

**A.	Individual Claim**

8.	The unfair and deceptive acts violations at issue occurred at Hess gas stations in Massachusetts during the last year and most recently at the Hess Express facility at 219 Cambridge Street, Boston, Massachusetts 01234 and consists of Defendants' standard business routine of requiring consumers to disclose their zip code for any credit card transaction in violation of *Massachusetts General Law Chapter 93, §105(a)*.

9.	Plaintiff lives in Boston, Massachusetts. In the Allston part of Boston, Hess has the above referenced Hess Express facility consisting of a gas station and mini-mart facility that is advertised and in city records is listed to be owned and operated as a Hess "Hess Express" gas station and mini-mart owned by Amerada Hess Corporation that as of 2006 is known as Hess Corporation.  Because she lives in Boston, she has often during the last four years used this Hess

gas station located at Cambridge Street in the Allston part of Boston, along with many other Hess facilities throughout the state of Massachusetts.

10.     It is always the case that when she uses Hess that the gas pump credit card machine at the pump requires the entry of a zip code. Thus, when she uses Hess, she discloses her zip code under the mistaken belief that she was required to do so by the credit card issuer in order to complete the credit card transaction to purchase gas.

11.     In fact, unbeknownst to her, the credit card issuer did not and does not require the disclosure of a zip code.

12.     While such use of the gas station was occurring, she was regularly receiving marketing materials that she never requested. In particular, a few months ago in preparation for the Christmas season, she received marketing for a Hess toy gasoline truck. As a result of subsequent conversation with family, it became clear at that point that the source of some of the unwanted marketing that she was receiving, such as the Hess toy truck, was the zip code information being requested by Hess.

13.     Such a request for zip code information as part of a credit card transaction when not required by the credit card company but requested solely for marketing purposes is a violation of *Massachusetts General Law Chapter 93 §105* and is thus also a violation of *Massachusetts General Law Chapter 93A §9*. Tyler v. Michaels Stores Incorporated, 464 Mass. 492 (2013).

14.     Upon information and belief, it appears that Hess not only directly violates these statutes by using the zip code information for direct marketing of Hess services but that Hess is transmitting the zip code and associated information that comes with the zip code to third-party

marketing companies for their use.  Both of these acts in themselves establish recoverable damages for invasion of privacy independent of whether there are any out-of-pocket damages and independent of Hess' unjust enrichment by the profits that they received for the sale of Plaintiff's and other consumers' zip code information to third-party marketing companies.  <u>Id.</u> at 503-505. Disgorgement of profits are allowed damages. <u>Id.</u> at n. 20.

15.     Plaintiff made a demand upon Hess to stop the above stated unfair and deceptive acts pursuant to *§ 9* of *Chapter 93A*.  In response, Defendant failed to make a reasonable settlement offer in response to demand for such, and though Hess denied profiting from them it admits that it does engage in the above referenced clearly established invasion of the privacy of consumers through its billing agents with its full knowing and intentional consent and further claims the right to continue with such invasion of privacy. <u>Exhibit A</u>, incorporated herein by reference.

**B.     Class Claims**

16.     This Action seeks to redress Hess' unlawful invasion of its customers' privacy and disregard for the laws of the Commonwealth of Massachusetts designed to protect consumers' rights to be free from intrusive corporate data collection and marketing.  In disregard for the rights of Massachusetts consumers, Hess collects ZIP codes from its customers when they make purchases using credit cards at its gas stations. Hess does not ask customers for their ZIP codes because the credit card companies require Defendant do so.

17.     Rather, Hess collects ZIP codes for its own business purposes.

18.     The collection of ZIP codes from consumers using credit cards violates Mass. Gen. Laws ch. 93 § 105, which provides that:

> No person ... that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form.  Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

5

19.     This suit is brought pursuant to Mass. Gen. Laws ch. 93 § 105 and ch. 93A § 9 on behalf of a class of Massachusetts consumers whose personal identification information was wrongfully collected by Hess from March 4, 2011 to the present.  It seeks, *inter* alia, injunctive relief, statutory damages, attorneys' fees, and the costs of this suit.  Mass. Gen. Laws ch. 93 § 105(a) is designed to protect consumers' privacy by preventing retailers from using a consumer's decision to pay with a credit card as an opportunity to collect personal identification information.

20.     In applying this statute, the Massachusetts Supreme Judicial Court has held that a consumer's ZIP code is "personal identification information" within the meaning of the statute:

> [A] consumer's zip code, when combined with the consumer's name, provides the merchant with enough information to identify through publicly available databases the consumer's address or telephone number, the very information § 105(*a*) expressly identifies as personal identification information.  In other words, to conclude in those circumstances that zip codes are not "personal identification information" under the statute would render hollow the statute's explicit prohibition on the collection of customer addresses and telephone numbers, and undermine the statutory purpose of consumer protection.

Tyler v. Michaels Stores, Inc.,

21.     Hess violates Mass. Gen. Laws ch. 93 § 105(a). Consumers, like Plaintiff, have a statutorily created privacy interest in not having to divulge their personal identification information, including ZIP codes, which Hess violates.  Defendant's violation of § 105(a) causes distinct injury and harm to consumers like Plaintiff.  Plaintiff and members of the proposed Class were injured as a result of Hess' unlawful collection of their ZIP codes because upon information and belief Hess used that personal identification information to identify consumers' mailing addresses, and subsequently send unwanted marketing materials to those consumers.

22.     Plaintiff brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L.c. 93A, §9, on behalf of a class of all persons whose ZIP code was recorded by Hess in Massachusetts when such persons made a purchase using a credit card from March 4, 2011 to the present.

23.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant

6

otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

    24.    This action is brought as a class action for the following reasons:

    a.    The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b.    There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

        I.    whether Defendant violated Mass. Gen. Laws ch. 93 § 105, thereby violating Mass. Gen. Laws ch. 93A § 2;

        ii.    whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

        iii.    whether Defendant should be enjoined from collecting ZIP codes from consumers using credit cards, and whether such a practice should be declared unlawful.

    c.    The claims asserted by Plaintiff are typical of the claims of the members of the Class;

    d.    Plaintiff will fairly and adequately protect the interests of the Class;

    e.    Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Hess, to wit, whether it can lawfully collect ZIP codes from consumers who make purchases using credit cards;

    f.    Hess has claimed rights to violate consumers' rights that apply generally to the Class, namely unlawfully collecting consumer ZIP codes, so that final injunctive relief prohibiting Hess from doing so is appropriate with respect to the Class as a whole;

    g.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

      I.      Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

      ii.      It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

      iii.      When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

      iv.      A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

      v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

      vi.      Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

25.     Defendant's violation of Mass. Gen. Laws ch. 93 § 105(a), itself a violation Mass. Gen. Laws ch. 93A § 2, are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in such conduct in the future

## COUNT I - CHAPTER 93A

26.     Plaintiff incorporates by reference paragraphs 1 – 25 set forth above.

27.     Defendants' acts constitute unfair and deceptive acts in violation of *M.G.L.c. 93A, §§ 2, 9* either directly or equitably through violation of the substantive standards established by the above referenced statutory or common law. Defendants have failed to make a reasonable settlement offer in response to demands for such made pursuant to *§ 9* of *Chapter 93A*.

28. Plaintiff is asking for both monetary and equitable relief pursuant to M.G.L. ch. 93A, §9 allowing plaintiffs in consumer protection cases to recover "other equitable relief, including an injunction, as [the court] deems to be necessary and appropriate."

## COUNT II - 93A AND COMMON LAW EQUITABLE RELIEF

29. Defendants' acts constitute unfair and deceptive acts in violation of *M.G.L.c. 93A, §§ 2, 9* either directly or equitably through violation of the substantive standards established by the above referenced statutory or common law.

30. In the event that there are no recoverable monetary or legal damages, Plaintiff is asking for equitable relief enjoining Defendant from continuing their claimed right to invade the privacy of consumers. M.G.L. ch. 93A, §9 and this Court's equitable and supplemental jurisdiction at common law allows plaintiffs in consumer protection cases to recover "other equitable relief, including an injunction, as [the court] deems to be necessary and appropriate."

WHEREFORE, the Plaintiff demands:

(1) class certification;
(2) damages together with statutory interest and prejudgment interest and consisting of expectancy, compensatory, incidental and consequential damages as determined by the Court;
(3) monetary relief consisting of disgorgement of profits;
(4) statutory damages;
(4) attorneys' fees and costs;
(5) double or treble damages;
(6) equitable relief including but not limited to declaratory and injunctive;
(7) granting such other and further relief as the court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

                                    Plaintiff by her attorney,
                                    /s/ Valeriano Diviacchi
                                    Valeriano Diviacchi
                                    BBO# 555940
                                    Diviacchi Law Office
                                    111 Beach Street   #1A
                                    Boston, MA 02111-2532
                                    617-542-3175
                                    Fax 617-542-3175
                                    val@diviacchi.com

Date:   4 March 2015



Jessica L.S. Kimes
Senior Attorney

**Speedway LLC**

P. O. Box 1500
Springfield, OH 45501
Telephone 937-863-7139
Fax 937-863-6727
jlkimes@speedway.com

February 27, 2015

VIA: EMAIL, FACSIMILE, AND CERTIFIED MAIL

Valeriano Diviacchi
Diviacchi Law Office
111 Beach Street - #1A
Boston, MA 02111-2532

### *Re: Violation of Massachusetts General Laws, Chapter 93, §105*

Dear Mr. Diviacchi:

I am in receipt of your January 29, 2015, letter to Hess Corporation[1] asserting violations of Massachusetts General Law Chapter 93A and Chapter 93, and Massachusetts Consumer Protection Act, ("MCPA"). Your letter alleges that the Hess Express Store located at 219 Cambridge Street, Boston, MA 01234, violated the MCPA by requiring your client to enter her zip code in order to complete a fuel purchase at the pump because you claim, without any evidence, that her zip code was used to send her marketing materials that she never requested. This claim is completely false.

As a preliminary matter, Speedway LLC denies any and all allegations that Hess Corporation or Speedway LLC violated the provisions of MGL Chapter 93A and Chapter 93. In addition, Speedway LLC contests the sufficiency of your January 29, 2015, correspondence.

At the time of this transaction, Hess Corpoartion used the services of a third party called First Data to verify all credit card transactions and thus protect consumers, such as your client. First Data, and not Hess Corporation, required the zip code information as a means of verifying the validity of the credit card and to prevent fraud. The zip code is immediately transmitted to First Data and was not retained by Hess Corporation at all for any period of time. Further, Hess

---

[1] On September 30, 2014, pursuant to the Purchase Agreement by and between Hess Corporation and Speedway LLC dated as of May 21, 2014 ("Purchase Agreement"), Hess Corporation transferred certain assets and liabilities into Hess Retail Operations LLC, Hess Retail Stores LLC, and Hess Realty LLC, including but not limited to the Store at which this alleged incident occurred. Hess Retail Operations LLC, Hess Retail Stores LLC, and Hess Realty LLC were all wholly-owned subsidiaries of Hess Retail Holdings LLC. On September 30, 2014, Speedway LLC acquired all of the membership interests of Hess Retail Holdings LLC, including certain Assumed Liabilities as that terms is defined in the Purchase Agreement.

Val Diaviacci
February 27, 2015
Page 2

Corporation did not use the zip code information to send marketing materials to its customers and did not sell the zip codes to a third party for any purpose.

Speedway LLC denies any claim of wrongdoing and denies any request for settlement or damages of any kind. Please be advised that nothing contained in this letter is to be construed as a waiver of any and all defenses which Speedway LLC/Hess Corporation may have to the sufficiency of your correspondence or the allegations contained therein. In addition, nothing contained in this letter should be construed as a waiver if any and all remedies which Speedway LLC/Hess Corporation may have. If you believe that you have any additional information supporting your client's claims please feel free to provide that information to me.

Please contact me should you have any questions or if you would like to discuss this further.

Sincerely,

*Jessica Kimes*
Jessica L. S. Kimes